IN THE UNITED STATES DISTRICT COURT FOR THE

WESTERN DISTRICT OF OKLAHOMA

DIANNE L. STARNES-ENGLAND,          )
                                                         )
                    Plaintiff,                      )
                                                         )
v.                                                      )          Case No.  CIV-05-301-L
                                                         )
CREST DISCOUNT FOODS, INC.,       )
                                                         )
                    Defendant.                   )

## O R D E R

Plaintiff Dianne L. Starnes-England brings this action alleging that

defendant Crest Discount Foods, Inc. discriminated against her on the basis of

race in violation of federal law, 42 U.S.C. §§ 1981 & 1982.  Plaintiff's complaint

also asserts state law claims for false imprisonment, negligent retention and

supervision, and intentional infliction of emotional distress.  Defendant has filed a

Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6) on the grounds that

plaintiff's complaint fails to state a claim upon which relief may be granted.

It is well established that a complaint should not be dismissed for failure to

state a claim "unless it appears beyond doubt that the plaintiff can prove no set of

facts in support of his claim which would entitle him to relief."  Conley v. Gibson,

355 U.S. 41, 45-46 (1957) (footnote omitted); Meade v. Grubbs, 841 F.2d 1512,

1526 (10th Cir. 1988).  The complaint must be construed in the light most

favorable to the plaintiff and all factual allegations in the complaint must be presumed to be true.  <u>Scheuer v. Rhodes</u>, 416 U.S. 232, 236 (1974); <u>Meade</u>, 841 F.2d at 1526.

In evaluating defendant's Motion to Dismiss, the court must consider the allegations of the complaint.  Plaintiff's complaint contains the following "Statement of Facts" (paragraph numbering as in original):

\*       \*       \*

5.  On or about February 18, 2005, at approximately 6:50 p.m., plaintiff, a Black female, whose age is 49, went to Crest Foods located on North Douglas Blvd. in Midwest City, Oklahoma, to fill her prescription at the pharmacy.  While plaintiff's prescription was being filled, plaintiff walked over to the grocery section inside the store to shop.  Plaintiff then proceeded to the check-out area inside the grocery area and paid approximately $25.85 in cash for her grocery items.

6.  After paying for her grocery items, plaintiff returned to the pharmacy to check on her prescription.  Plaintiff was carrying her grocery items inside a shopping bag given to the patrons of the defendant's store upon purchase.  Plaintiff paid for her prescription at the pharmacy and placed her prescription bag inside the shopping bag that contained her grocery items.  Plaintiff exited the store and proceeded to her vehicle in the defendant's parking lot.

7.  At all relevant times in question, the parking lot was full of patrons.

8.   While plaintiff was inside her vehicle preparing to leave the defendant's premises, a security guard employed by the defendant, armed with an automatic weapon and a billy-club, knocked on the window of plaintiff's vehicle and demanded that plaintiff produce a receipt for her items.  Plaintiff was terrified as this area of the parking lot was dark and the defendant's security guard's automatic weapon and billy-club were in plain view.

9.   Plaintiff asked the security guard why she needed to produce her receipt and the security guard responded that plaintiff's vehicle "was parked in the pharmacy parking."  Plaintiff then showed the security guard her pharmacy bag.  The security guard then demanded plaintiff's receipt for the other grocery items she purchased.  Plaintiff asked the security guard why he needed to verify her store receipt, and the security guard sternly responded to plaintiff, "Ma'am, show me your receipt."  Frightened by the security guard's actions and tone of voice, plaintiff produced her receipt to the security guard.  The security guard then scrutinized plaintiff's receipt with the aid of his flashlight and glanced at the bag located inside plaintiff's vehicle.  At no time during this encounter did plaintiff feel free to leave.

10.   After scrutinizing the receipt, the security guard told plaintiff to "have a good night."

11.   This entire encounter was precipitated by the defendant's discriminatory practices and racial profiling and has caused plaintiff to be terrified, embarrassed, degraded and humiliated.

12.   Later that same evening, plaintiff returned to the defendant's store to file a formal complaint against the security guard and to return the items she had purchased earlier that evening.  Plaintiff informed the Shift

Manager/Supervisor of the above events and asked to file a formal complaint.  The Shift Manager/Supervisor advised plaintiff that the security guard probably thought she was stealing because the defendant has a problem with theft frequently occurring at that store.  Further, the Shift Manager/Supervisor told plaintiff that this was just a "training issue" and that he would advise the Store Manager, Randy Quick, about the issue. Plaintiff informed the Shift Manager/Supervisor that his explanation was unsatisfactory and she did not appreciate being called "a thief" or made to look like one.

13.  The Shift Manager/Supervisor then took plaintiff's name and telephone number and advised plaintiff that the Store Manager would call her to discuss her complaint.  To date, none of the defendant's employees have contacted plaintiff regarding her complaint of the racially discriminatory treatment taken against her.

14.  The defendant's conduct exhibited a pattern of singling plaintiff and other Black customers out based on an intention to discriminate against such consumers based on their race.

15.  As a direct and proximate result of the defendant's actions, plaintiff has suffered injuries described hereafter.

*        *        *

Based upon the above facts, plaintiff alleges, in Count I, a violation of her rights under 42 U.S.C. § 1981.  Plaintiff asserts that her right to enjoy the benefits and privileges from her purchase with defendant was unlawfully interfered with by the defendant and plaintiff's race was a motivating factor in the defendant's conduct.  Complaint, ¶ 16.   In Count II of the complaint, plaintiff asserts a

violation of her rights under 42 U.S.C. § 1982, alleging that her right to be free from racial discrimination while purchasing property was violated by the defendant.  Plaintiff's state law claims, Counts III, IV and V, all arise from the same February 18, 2005 incident.  Plaintiff seeks compensatory and punitive damages, interest, attorney's fees and costs.

Noting that §§ 1981 and 1982 share a common origin and purpose, the parties have presented their arguments regarding both these claims together. *See* Defendant's Motion to Dismiss, p. 3, Plaintiff's Response to the Defendant's Motion to Dismiss, p. 3.  The court likewise considers plaintiff's race discrimination claims together. To establish a prima facie case of discrimination under § 1981, a plaintiff must show: (1) that the plaintiff is a member of a protected class; (2) that the defendant had the intent to discriminate on the basis of race; and (3) that the discrimination interfered with a protected activity as defined in § 1981.  Hampton v. Dillard Dept. Stores, Inc., 247 F.3d 1091, 1101-02 (10th Cir. 2001).  Section 1981 prohibits racial discrimination in "the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship." *See* Reynolds v. School Dist. No. 1, Denver, Colo., 69 F.3d 1523, 1532 (10th Cir. 1995), *quoting* § 1981.  Section 1982 provides that "[a]ll citizens of the United States shall have the same right, in every State and Territory, as is enjoyed by

white citizens thereof to inherit, purchase, lease, sell, hold, and convey real and personal property."  42 U.S.C. § 1982.

Defendant argues that plaintiff's claims for violations of §§ 1981 and 1982 fail as a matter of law because, by plaintiff's own allegations, she was allowed to enter, shop and leave defendant's store with the goods she purchased. Defendant argues that under the facts alleged, plaintiff was not denied any contract right with respect to selecting and purchasing her merchandise.  Nor, defendant argues, was plaintiff denied a contract right when she later returned inside the store and was allowed to return her items without incident.  Under the facts as alleged by plaintiff, defendant maintains that plaintiff's §§ 1981 and 1982 claims fail to state a claim upon which relief may be granted and should be dismissed.  The court agrees.

Accepting the allegations of the complaint as true, the facts reveal that plaintiff completed her retail transactions including the initial sale and the eventual return of the items she had purchased.  The actual loss of a contract interest is required in order to state a claim for interference with the right to make and enforce a contract under § 1981.  Hampton, 247 F.3d at 1101, *citing* Phelps v. Wichita Eagle-Beacon, 886 F.2d 1262, 1267 (10th Cir. 1989).  Plaintiff was not prevented from either making her purchases or returning the items and receiving her money back.

6

To the extent plaintiff argues that her right to lodge a formal complaint was interfered with, the court finds that plaintiff cannot demonstrate that this alleged discrimination interfered with "the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship."  Clearly, the right to make a formal complaint may arise from any number of types of incidents and may exist outside of a contractual relationship.  Although plaintiff is correct in arguing that the Tenth Circuit has indicated that the elements of a prima facie case under § 1981 are flexible and not to be applied rigidly, <u>Hampton</u>, 247 F.3d at 1102, the court finds that to extend a § 1981 claim to include the right to complain would essentially negate any requirement that the plaintiff show that the alleged discrimination interfered with a protected activity as defined in § 1981.  In this connection, the court agrees with defendant that the cases relied upon by plaintiff to support her contention that she was denied the benefit of her contract are factually distinguishable.

Plaintiff has not shown an actual contract loss and, therefore, cannot establish a prima facie case of discrimination under the federal statutes.  In light of this finding, the court need not address the other factors.  Also, the court need not and does not address plaintiff's tort claims, which may be pursued in state court.

7

In summary, **Defendant's Motion to Dismiss [Doc. No. 9] is GRANTED as to plaintiff's federal claims, as more fully set forth above.  Accordingly, plaintiff's federal law claims are DISMISSED under Fed. R. Civ. P. 12(b)(6) for failure to state a claim.  Pursuant to 28 U.S.C. § 1367(c)(3), the court declines to exercise supplemental jurisdiction over plaintiff's state law claims and they are hereby DISMISSED WITHOUT PREJUDICE to refiling in state court.**

It is so ordered this 18th day of August, 2005.

TIM LEONARD
United States District Judge